Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel: (949) 720-9200
Fax: (949) 608-0128

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-7 Home Equity Pass-Through Certificates, Series 2005-7

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>LORENE A. DAVIS aka ANTIONETTE DAVIS<br><br>        Debtor.<br>_____ | CASE: 09-48951JG<br><br>CHAPTER 13<br><br>REF.: ASW-659<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON<br><br>DATE: 02/19/10<br>TIME: 10:00am<br>CTRM: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

The Motion of U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-7 Home Equity Pass-Through Certificates, Series 2005-7 respectfully shows as follows:

    1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2. On September 24, 2009, a petition under Chapter 13 of the Bankruptcy Code was filed by the Debtor.

Matter I.D. 6401-5703

3. The Chapter 13 Plan has not yet been confirmed.

4. MARTHA G. BRONITSKY is the Chapter 13 Trustee for this case.

5. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

6. Movant is the beneficiary under a Deed of Trust by way of assignment which secures a Promissory Note ("Note") in the principal sum of $138,600, with the Note all due and payable on August 1, 2035. The Note and Deed encumber real property commonly known as:

> 1881 West Alexander Road #2123, North Las Vegas, NV 89032 ("Property")

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment. <u>See</u> Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on June 12, 2009, Movant caused to be recorded a Notice of Default and Election to Sell.

9. On September 15, 2009, Movant caused to be recorded a Notice of Sale.

10. The Property is not Debtor's principal residence.

11. At the time of the filing of this case, the pre-petition arrearages under the Note and Deed of Trust were approximately $15,395.88.

12. Since the time of the filing of the instant case, and as of January 14, 2010, the Debtor has failed to tender 2 of the post-petition payments which have fallen due. In fact, under the terms of the Chapter 13 Plan the Debtor has failed to tender the December 1, 2009 through January 1, 2010 post-petition payments. Further monthly payments in the amount of $974.53 will continue to accrue.

13. The total amount due under Movant's Note and Deed of Trust as of January 5, 2010, exclusive of post-petition attorneys fees and costs, was approximately $151,645.28.

14. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

15. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

16. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under the Note and/or Deed of Trust and any and all

1 rights after the foreclosure sale, including, but not
2 limited to, the right to consummate foreclosure proceedings
3 on the property and the right to proceed in unlawful
4 detainer;
5     (2)  For reasonable attorneys' fees as a secured claim
6 under 11 U.S.C. Section 506(b);
7     (3)  For the waiver of the 14 day stay pursuant to
8 Bankruptcy Rule 4001(a)(3).
9     (4)  For reasonable attorneys' fees and costs;
10    (5)  For costs incurred or expended in suit herein; and
11    (6)  For such other and further relief as the Court
12 deems just and proper.
13 Dated:  January 21, 2010

                              /s/ Alan Steven Wolf
                              ALAN STEVEN WOLF
                              Attorneys for Movant
                              U.S. Bank National Association, as
                              trustee, on behalf of the holders of
                              the Home Equity Asset Trust 2005-7
                              Home Equity Pass-Through
                              Certificates, Series 2005-7